IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| DAVID BRADFUTE, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180370G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

This case is ready for decision after trial and post-trial briefing on the includibility of a

construction worker's daily commuting expenses in taxable income. The tax year at issue is

2015. At trial, Plaintiff appeared and testified on his own behalf. Fadi Abouadas, auditor,

appeared and testified on Defendant's behalf. Plaintiff's Exhibits 1 to 5 and Defendant's

Exhibits A and B were admitted.

## I. STATEMENT OF FACTS

Plaintiff is an electrician and a member of IBEW Local 48, a union whose jurisdiction

includes a swath of northern Oregon and southern Washington extending east from the coast past

The Dalles. As a union member, he obtains work by personally visiting his union hall in

Portland. From there, he is dispatched to an electrical contractor who employs him and in turn

dispatches him to a job site.

Plaintiff testified that the nature of construction work limits his expectations of stability

in employment. He never knows how long a job will last before he arrives at a project site, and

there is no guarantee that a given contractor will stay on and employ him until the end of the

project. He described the transitoriness of construction work as a way of life in which he had

been brought up. Despite those uncertainties, a large project with Intel had kept him working in

the Portland area through 2014. In fact, he worked exclusively in the Portland metropolitan area from 2008 through 2014. He also lived in the Portland metropolitan area during all times relevant to this appeal.

Work in Portland slowed in 2015, and in February Plaintiff was dispatched by his union to an employer who sent him to a federal job site in The Dalles. Plaintiff testified that he did not have an expectation as to how long the job would last before he arrived on site, but after beginning he expected it would last until "somewhere around December." He was eventually asked to stay "after the start of the new year." His job in The Dalles extended into 2016 and lasted a total of 14 months.[1] For the remainder of 2016, he worked jobs successively in Boardman, Corvallis, and Prineville.

Defendant submitted a copy of Plaintiff's mileage log into evidence. (Ex A.) Aside from days off and days when he carpooled, the log shows Plaintiff traveled 104 miles each way between his home in Canby and the job site in The Dalles every weekday through the end of December 2015—a total of 42,438 miles. Plaintiff testified that he created the log the day he started and updated it daily.

Plaintiff claimed $24,402 in vehicle expenses on his 2015 Schedule A, and Defendant disallowed the entire amount at audit. Plaintiff now asks the court to allow his claimed vehicle expenses. Defendant asks the court to uphold its adjustment.

II. ANALYSIS

The issues in this case relate to two legal bases for excluding mileage expenses from taxable income. At trial, the question was whether Plaintiff is entitled to deduct his mileage as

---

[1] Plaintiff's testimony that his job in The Dalles lasted 14 months appears to contradict a statement in his Complaint that "[t]he job did not exceed 1 full year." He was not cross-examined on that point, and Defendant relied on the 14-month figure in its closing argument.

an employee business expense under section 162(a) of the Internal Revenue Code (IRC). After post-trial briefing, an additional question is whether Plaintiff is entitled to substantiate his commuting expenses using the standard mileage rate for purposes of claiming Oregon's construction worker subtraction, found at ORS 316.812.[2]

Oregon bases its definition of taxable income on federal taxable income as found in the IRC, and Defendant is required to apply administrative and judicial interpretations of the federal income tax law insofar as is practicable. ORS 316.022(6); 316.032(2); 316.048. Oregon taxable income differs from federal taxable income insofar as "additions, subtractions and adjustments" are prescribed by Oregon's personal income tax laws. ORS 316.022(6); 316.048. Because Plaintiff seeks affirmative relief from the court, he must bear the burden of proof on any factual issues. *See* ORS 305.427.

A.      *Employee Business Expense Deduction under IRC section 162(a)*

Federal law allows a deduction for ordinary and necessary business expenses, including vehicle expenses incurred by employees for business purposes. IRC §§ 162(a); 274(d). In general, expenses for daily commuting between one's home and place of business are considered personal and nondeductible. Treas. Reg. § 1.262–1(b)(5); *Fausner v. Comm'r*, 413 US 838, 93 S Ct 2820, 37 L Ed 2d 996 (1973). There are a few exceptions to that general prohibition, however, including where a taxpayer commutes to "a *temporary* work location *outside* the metropolitan area where the taxpayer lives and normally works." Rev Rul 99–7, 1999–1 C.B. (Emphases in original.)

At trial, Defendant argued that Plaintiff had not shown either (1) that his job site in The Dalles was temporary, considering that he worked there a total of 14 months, or (2) that he

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

normally worked in the Portland metropolitan area, considering that in 2015 all of his work was done in The Dalles.

The court considers Defendant's second argument first. Under the pertinent exception, commuting expenses are deductible only for taxpayers who both live and normally work in the same metropolitan area. Rev Rul 99–7. Here, it is undisputed that Plaintiff lived in the Portland metropolitan area, that he worked exclusively in that area before 2015, and that he worked exclusively out of that area during 2015. The question is where Plaintiff "normally" worked during 2015.

Taxpayers normally work where they work " 'usually,' 'commonly,' or as a 'general custom.' " *See Austin v. Dept. of Rev.*, 20 OTR 20, 27 (2009) (quoting dictionary definitions). The determination of where a taxpayer normally works is a "qualitative judgment" reached following "review of year by year statistics." *Id*. Those statistics include both the year at issue and prior years. *Id*. at 26–27. The court noted it "d[id] not find it appropriate to consider subsequent years in determining whether taxpayer 'normally' worked in a metropolitan area during the tax years at issue." *Id*. at 26 n 9. The tax years at issue in *Austin* were 2002 and 2003, and the court charted the percentage of days the taxpayer had worked in Salem during the years 1997 to 2003. *Id*. at 20, 27. In six out of those seven years, the taxpayer had worked in Salem between zero and 32 percent of the time; in the other year, 2001, the taxpayer had worked in Salem 72 percent of the time. *Id*. at 26. That one-year spike in Salem employment was insufficient for the court to conclude that the taxpayer normally worked in Salem during 2002 and 2003. *Id*. at 27–28.

Here, Plaintiff's history of working in his home metropolitan area is much more regular than the taxpayer's in *Austin*. Plaintiff worked in the Portland area 100 percent of the time for

seven years before the year at issue; clearly, that was where he normally worked during that period. As to the year at issue, it must be borne in mind that Revenue Ruling 99–7 allows the possibility of temporary work lasting up to one year. Given that possibility, treating a single year of work away as changing Plaintiff's normal work location would beg the question of whether that work away was temporary—if it is temporary, it will be away from where the taxpayer normally works. Considering Plaintiff's monolithic work history, the weight of the evidence shows that Plaintiff still normally worked in the Portland metropolitan area as of 2015.

With respect to whether The Dalles was a "temporary" work location, the question is much closer. A work location is "temporary" only so long as a taxpayer realistically expects to work there a total of one year or less. Rev Rul 99–7. That Plaintiff ultimately worked in The Dalles for 14 months is not dispositive; following Revenue Ruling 99–7, that work location should be treated as temporary up until the point that Plaintiff realistically expected his employment there to last longer than one year.

Evidence of Plaintiff's expectations is limited. He testified that he evaluated the work to be done after arriving on the site and expected the job to last until around December, a period of 10 or 11 months. He was eventually asked to stay longer, but the date he was asked is unknown. Also unknown is how his evaluation of the work to be done changed during the months after he began in February; it seems likely that Plaintiff would have revised his forecast in light of the actual progress made over the course of the year.

Plaintiff laid stress on the fact that construction work is inherently nonpermanent and unpredictable; when he shows up at a job site, he never knows for certain if he will be called off the next day. However, that fact is a sword that can cut the other way, too. Under Revenue Ruling 60–189, where termination of work at a site is not foreseeable within a reasonably short

time (later defined by Revenue Ruling 99–7 as one year or less), that work is "indefinite" as opposed to "temporary." 1960-1 CB 60. Work that is indefinite or indeterminate does not qualify for the exception to the general rule against deducting commuting expenses. *Peurifoy v. Comm'r*, 358 US 59, 60, 79 S Ct 104, 3 L Ed 2d 30 (1958) (affirming lower court's holding that construction workers had not shown their work was temporary rather than indefinite). Given the precedent this court must follow, testimony about the uncertainties of construction work does not suffice to establish that work sites are temporary:

> "If taxpayers could come to the court under the standard that they propose with nothing more than testimonial evidence indicating that 'nothing is certain' or 'you never know what your next job is going to be,' then arguably a new exception would be carved out for construction workers because of the inherently uncertain nature of their work generally. As noted, such an exception has been routinely rejected by the courts."

*Morey v. Dept. of Rev.*, 18 OTR 76, 83 (2004).

The evidence available in this case does not suffice for a finding that Plaintiff realistically expected throughout all of 2015 that his work in The Dalles would last no more than a year. Nor does the evidence suffice for the court to determine when Plaintiff's expectation changed during the year. While mileage expenses incurred during the period that Plaintiff realistically expected his work in The Dalles to last a year or less are deductible, the burden is on Plaintiff to provide evidence from which the court can distinguish the miles driven during that period from the miles driven after Plaintiff expected work to last longer than a year. *See Vanicek v. Comm'r*, 85 TC 731, 742 (1985) (holding no allocation of business and personal expenses possible without evidence in record). There being no such evidence in this case, Plaintiff has not shown that he is entitled to any mileage deduction under IRC section 162(a) and Revenue Ruling 99–7.

/ / /

/ / /

B.      *Construction Worker Subtraction under ORS 316.812*

Oregon provides construction workers with another basis, not available under federal law, for subtracting daily commuting expenses from taxable income. ORS 316.812 states:

> "In addition to the modifications to federal taxable income contained in this chapter, there shall be subtracted from federal taxable income traveling expenses, as defined in ORS 316.806, incurred by a construction worker during the first year of continuous employment on the same construction job site. However, if employment on the same construction job site is temporarily interrupted for any reason whatsoever, the period of interruption shall not be taken into account in determining the one-year period."

Statutory definitions exist for the meanings of "construction job site," "construction project," and "construction worker." ORS 316.806. There is no dispute that Plaintiff and his job site at The Dalles satisfied those definitions.

There is also a statutory definition for "traveling expenses." They are otherwise nondeductible "daily transportation expenses * * * incurred by a construction worker in job-related travel between a construction job site located more than 50 miles from the principal residence of the construction worker." ORS 316.806(4). Despite an error in that definition's syntax—the preposition *between* has only one object—the term *daily transportation expenses* and the specification of a distance in miles from the residence leave little doubt that the travel contemplated is between the job site and the construction worker's principal residence, which is how this court has consistently interpreted the statute. *See Balvaneda v. Dept. of Rev.*, TC–MD 160156R, WL 384418 at \*7 (Or Tax M Div Jan 25, 2017); *Noe v. Dept. of Rev.*, TC–MD 001022F, WL 33225384 at \*2 (Or Tax M Div Dec 6, 2000). The subtraction of ORS 316.812 is available only to construction workers who work continuously at the same job site for more than one year. *Hintz v. Dept. of Rev.*, 13 OTR 462, 469 (1996).

/ / /

The types of expenses encompassed by the term *traveling expenses* are illustrated by ORS 316.806(5), which states: " 'Traveling expenses' includes gas, oil and automobile repairs and maintenance, but does not include meals unless the construction worker is required by the employer to stay overnight at the construction job site."

Here, Defendant agrees that Plaintiff is qualified to claim the construction worker subtraction and does not challenge Plaintiff's mileage log, but alleges Plaintiff has not provided sufficient substantiation of actual expenses. Specifically, Defendant asserts that Plaintiff may not claim the standard mileage rate but must provide receipts showing costs of gas, oil, repairs, and maintenance, as well as odometer readings sufficient to allocate business and personal usage of Plaintiff's vehicle. In support of its position, Defendant quotes the enumeration of expenses in ORS 316.806(5) and states that substantiation by the standard mileage rate is not allowed because "[n]owhere in the above definition does it say that standard mileage rate can be used to determine the 'Traveling expenses.' "

ORS 316.818 addresses substantiation of traveling expenses for the construction worker subtraction. ORS 316.818 states:

> "The modification to federal taxable income by ORS 316.812 shall be substantiated by any proof required by the Department of Revenue *by rule*. The requirement for substantiation may be waived partially, conditionally or absolutely, as provided under ORS 315.063."

(Emphasis added.) Defendant has promulgated a rule defining substantiation requirements for the construction worker subtraction, OAR 150-316-0615: "Upon audit, the taxpayer may be required to provide the same substantiation that would be necessary for a travel expense deduction allowable under IRC 162(a)."

Those claiming deductions under IRC section 162(a) may substantiate automobile expenses using a standard mileage rate: "A taxpayer may use the business standard mileage rate

(published in an annual notice) to substantiate the amount of a deduction for an automobile that a taxpayer either owns or leases." Rev Proc 2010–51, § 4.01. The business standard mileage rate is used "in lieu of computing the fixed and variable costs of the automobile allocable to business purposes." *Id*., § 4.02. The fixed and variable costs covered by the standard mileage rate include "[i]tems such as depreciation or lease payments, maintenance and repairs, tires, gasoline (including all taxes thereon), oil, insurance, and license and registration fees." *Id*.

The above authorities show that taxpayers claiming the construction worker subtraction are entitled to substantiate traveling expenses using the business standard mileage rate. The substantiation requirements for the subtraction are the same as those for IRC section 162(a). *See* OAR 150-316-0615. The substantiation requirements for IRC section 162(a) may be satisfied using a standard mileage rate. Rev Proc 2010–51, § 4.01. The separate listing of gas, oil, repairs, and maintenance in ORS 316.806(5) does not imply anything contrary; the same items are listed among the fixed and variable costs substantiated by the mileage rate. *Id*., § 4.02. Instead, the listing of items in ORS 316.806(5) serves to distinguish automobile costs from meal costs, the latter of which require an additional showing that an overnight stay was required.

In this case, Plaintiff maintained a contemporaneous mileage log showing he commuted 42,438 miles in 2015. That log adequately substantiates a subtraction of $24,402, based on the business standard mileage rate.

### III. CONCLUSION

The evidence shows that Plaintiff is entitled to subtract his mileage expenses under ORS 316.812. Now, therefore,

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff is allowed a subtraction from his 2015 Oregon taxable income for daily transportation expenses of $24,402.

Dated this ____ day of February, 2020.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on February 27, 2020.*